**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

CALVIN TAYLOR STEVENS,

      Plaintiff,

v.

ANTHONY JONES,

      Defendant.

Civil Action No. 16-8694-BRM-DEA

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

      Before this Court is the Complaint of Plaintiff Calvin Taylor Stevens ("Plaintiff") asserting claims pursuant to 42 U.S.C. § 1983 against Defendant Anthony Jones ("Defendant"), an officer of the New Brunswick Police Department. (ECF No. 1.) Plaintiff was previously granted *in forma pauperis* status (ECF No. 7) and, therefore, the Court is required to screen the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and dismiss any claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, Plaintiff's false arrest and false imprisonment claims shall **PROCEED** to the extent Plaintiff seeks relief other than his release or this Court's interference with his underlying state court prosecution. Plaintiff's malicious and selective prosecution claims are **DISMISSED WITHOUT PREJUDICE**.

1

I. **BACKGROUND**[1]

In his Complaint,[2] Plaintiff alleges that on August 8, 2016, Defendant arrested him for, among other charges, robbery based upon Plaintiff's possession of a cellphone that did not belong to him. (ECF No. 1 at 5-6 and ECF No. 1-2 at 1-2.) Plaintiff allegedly entered the victim's "dwelling, caused injury to him by punching and kicking him in the course taking his cellphone, cash and keys." (ECF No. 1-2 at 2). Plaintiff alleges, however, he did not rob the victim, but instead found the phone in the hallway of the building for which he was a superintendent. (*Id.* at 1-3.) Plaintiff contends the officer arrested him "without any substantial proof" other than the victim's identification of the phone as his. (*Id.* at 1-2.) Plaintiff also alleges after his arrest the officer improperly drafted a "complaint-warrant" and, without the action of a judicial officer, had Plaintiff placed in jail subject to a significant bail order. (*Id.* at 2-3). Therefore, Plaintiff contends his arrest was the result of an illegal, improper warrant, and was undertaken without probable cause. (*Id.* at 2-6).

Plaintiff further states the "complaint-warrant" drafted by Defendant incorrectly suggested the victim resided and was robbed in Plaintiff's building by Plaintiff. Plaintiff contends the alleged victim was from the Dominican Republic and had broken into Plaintiff's building. (*Id.* at 1-3). Finally, Plaintiff asserts Defendant, who is also Dominican, may have had a racial bias against Plaintiff, who is black. (*Id.* at 2).

---

[1] The following factual allegations are taken from Plaintiff's Complaint (ECF No. 1), and are assumed to be true for the purposes of this Opinion.

[2] The Complaint does not assert claims against officers other than Defendant or against Defendant's employer, the New Brunswick Police Department.

## II. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Because Plaintiff has been granted *in forma pauperis* status (*see* ECF No. 6) and is a state prisoner seeking damages from state agencies (*see* ECF No. 1), this action is subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and § 1915A.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III. DECISION

Plaintiff brings claims against Defendant for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (§ 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

In this matter, Plaintiff asserts claims against Defendant for false arrest and false imprisonment. This Court perceives no basis for the dismissal of those claims to the extent Plaintiff is seeking money damages, and Plaintiff's false arrest and false imprisonment claims shall proceed on that basis at this time. Plaintiff's Complaint, however, also raises, directly or by implication, additional issues.

In his Complaint, Plaintiff suggests he continues to remain in jail pending the resolution of the criminal prosecution which arose out of his allegedly improper arrest, and he wishes to be released and have that prosecution terminated, suggesting that he may wish to bring a malicious prosecution claim. A § 1983 claim for malicious prosecution requires that a plaintiff plead the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff

> to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). A plaintiff cannot make out a claim for malicious prosecution against an initiating officer unless he specifically alleges that the criminal prosecution has already terminated in his favor. *Id.* Here, Plaintiff states he remains incarcerated and his prosecution remains ongoing. Therefore, he has failed to plead a claim for malicious prosecution. Accordingly, to the extent Plaintiff sought to raise a claim for malicious prosecution in his Complaint, that claim is dismissed without prejudice.

Plaintiff's Complaint also suggests Plaintiff may wish to raise a claim for selective enforcement based on his allegations of Defendant's prejudice. A § 1983 claim for the selective enforcement of an otherwise valid law has two elements – that the plaintiff was treated differently than other persons similarly situated in regards to the enforcement of that law, and that this difference in treatment arose based on an "unjustifiable standard" such as race, or religion or in order to prevent an individual from exercising a fundamental right. *See, e.g., Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (discussing a selective enforcement claim in the employment context); *Holder v. City of Allentown*, 987 F.2d 188, 197 (3d Cir. 1993) (citing *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886)); *see also Bradley v. United States*, 299 F.3d 197, 205-06 (3d Cir. 2002) (claim based on racial profiling requires a plaintiff to demonstrate he was a member of a protected class and was treated differently from others similarly situated outside of that class). Although Plaintiff suggests Defendant may have been motivated by some racial animus, which would be relevant to his false arrest and imprisonment claims, he has failed to allege Defendant has treated others similarly situated in a different fashion. Thus, he has failed to plead

6

facts that, if true, would suggest selective enforcement. Accordingly, any selective enforcement claim Plaintiff intended to raise is dismissed without prejudice.

The final issue raised by Plaintiff's Complaint relates to both his false imprisonment and implied malicious prosecution claims. Specifically, Plaintiff, in addition to seeking money damages, asks the Court to release him from criminal confinement and dismiss the criminal complaint and proceedings against him. The Court cannot grant either request.

To the extent Plaintiff is requesting the Court intervene in his criminal prosecution and dismiss the charges against him, such a request runs contrary of the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine represents a limited exception to the rule that the federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *See Sprint Commc'ns v. Jacobs*, 134 S. Ct. 584, 590 (2013) (internal quotations omitted). Pursuant to *Younger*, federal courts must refrain from exercising otherwise proper jurisdiction in the face of certain types of state court actions, chief among them state criminal prosecutions, in the interests of equity and comity. *Id.* at 591. The *Younger* doctrine therefore "preclude[s] federal intrusion into ongoing state criminal prosecutions." *Id.* Accordingly, the Court may not involve itself in Plaintiff's ongoing state criminal prosecution, and is without authority to order the dismissal of his charges or the Complaint against him.

Plaintiff also requests to be released from criminal confinement. Such relief, however, is unavailable through a claim brought pursuant to § 1983. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005). As the Supreme Court has explained, "a § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." *Id.* at 79 (quoting *Preiser v.*

*Rodriguez*, 411 U.S. 475, 482, 489 (1973)). A prisoner may not seek to reduce or invalidate his confinement by way of a § 1983 suit, either directly through requesting an injunction ordering his release, or indirectly by making a claim which, if successful, would "necessarily impl[y]" the invalidity of his imprisonment. *Wilkinson*, 544 U.S. at 81. A claim seeking an immediate or speedier release from criminal confinement must instead be brought by a petition for a writ of habeas corpus. *Id.* at 78-82. Accordingly, Plaintiff may not seek release through this suit, and his false imprisonment and false arrest claims will proceed only to the extent he seeks damages and forms of relief other than his release or interference with his ongoing criminal prosecution.[3]

## IV. CONCLUSION

For the reasons stated above, Plaintiff's false arrest and false imprisonment claims shall **PROCEED** at this time only to the extent Plaintiff seeks relief other than his release or the Court's interference in his underlying state court prosecution. To the extent Plaintiff raised malicious and selective prosecution claims, they are **DISMISSED WITHOUT PREJUDICE**. An appropriate order will follow.

Date: June 8, 2017  */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[3] Although *Wilkinson* held that a state prisoner's claims are barred regardless of the relief sought and no matter the target of his suit, that rule applies only where "success in that action would necessarily demonstrate the invalidity of" the plaintiff's confinement or its duration. *Id.* at 81-82. Because false arrest or imprisonment claims relate only to the facts surrounding one's arrest and not the facts of one's underlying charges, success on such claims does not necessarily implicate the invalidity of a plaintiff's post-arraignment confinement. *See, e.g., Strunk v. E. Coventry Twp. Pol. Dep't*, No. 15-2313, 2016 WL 7378075, at *2 (3d Cir. 2016). Thus, *Wilkinson* does not bar Plaintiff's false arrest and false imprisonment claims to the extent Plaintiff seeks damages and other relief, only Plaintiff's direct request for an immediate release.