# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN TAYLOR STEVENS,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY JONES, BRANDT GREGGUS, and VINCENT J. VITALE,<br><br>Defendants. | Civil Action No. 16-8694-BRM-DEA<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** is opened by the Court, *sua sponte*, upon screening the Amended Complaint (ECF No. 15) of *pro se* Plaintiff Calvin Taylor Stevens ("Plaitniff") pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court, having reviewed Plaintiff's Amended Complaint, for the reasons expressed below, and for good cause shown, finds Plaintiff's false arrest and false imprisonment claims shall continue to **PROCEED** against defendant Anthony Jones ("Jones") only; Plaintiff's claim that defendants Detective Brandt Greggus ("Greggus") and Assistant Prosecutor Vincent J. Vitale ("Vitale") conspired to falsely arrest and imprison him shall be **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's malicious prosecution claims shall be **DISMISSED WITHOUT PREJUDICE** against all Defendants.

As this Court previously explained to Plaintiff, because he is proceeding *in forma pauperis* in this matter, his Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court is required to dismiss any claims which are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a

1

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" required the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557). "Determining whether a

complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

In his Amended Complaint, Plaintiff reasserts his false arrest and false imprisonment claims against defendant Jones which this Court has already permitted to proceed.[1] (ECF Nos. 10, 11.) While the Court need not readdress those two claims, Plaintiff also asserts claims against two additional defendants named for the first time in the Amended Complaint – Defendants Greggus and Vitale. Plaintiff's claims against Greggus arise out of Plaintiff's contention that Greggus lied under oath in order to secure Plaintiff's indictment, and that Vitale used this false testimony to secure that indictment. Plaintiff thus essentially alleges that Greggus and Vitale maliciously prosecuted him based on the false testimony used to initiate criminal proceedings against Plaintiff

---

[1] Although Plaintiff does not re-allege everything in his original complaint in the Amended Complaint, Plaintiff clearly states the Amended Complaint is an "add on" to his original complaint, and it is thus clear he intends his Amended Complaint to be comprised of both his original proceeded claims and his new claims against the newly added defendants. Therefore, the Court construes Plaintiff's Amended Complaint to incorporate by reference the claims this Court previously allowed to proceed. *See, e.g., Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 462 n.9 (D.N.J. 2012) (holding courts should construe amended complaints as incorporating an original complaint where it appears that a *pro se* plaintiff did not intend for his amended complaint to replace his original filing). Because this Court has already screened Plaintiff's original complaint and permitted it to proceed in part, the Court will not rescreen those claims contained in the original complaint in this Order, and will instead only address the new claims contained in the Amended Complaint.

in violation of Plaintiff's rights, and are thus liable to him pursuant to 42 U.S.C. § 1983. Plaintiff also contends these two defendants conspired with Jones to have Plaintiff falsely arrested and imprisoned in contravention of his constitutional rights.

Turning first to malicious prosecution, as this Court already explained to Plaintiff, a plaintiff attempting to raise a § 1983 claim for malicious prosecution must plead:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). A plaintiff cannot make out a claim for malicious prosecution unless he specifically alleges the criminal prosecution was terminated in his favor. *Id.* While Plaintiff has pled Greggus and Vitale initiated a proceeding against him by working together to secure a grand jury indictment and that they secured the indictment through the use of perjury, Plaintiff has once again failed to plead that his criminal prosecution terminated in his favor. Therefore, Plaintiff's malicious prosecution claims against all Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted.

Plaintiff also pleads a new claim—that defendants Greggus and Vitale conspired with Jones to have Plaintiff falsely arrested and imprisoned in violation of his Fourteenth Amendment rights.[2] (*See* ECF No. 15 at 44-45, 49.) In order to plead a claim for false arrest, a § 1983 plaintiff

---

[2] Plaintiff alleges both Greggus and Vitale conspired with Jones to deprive him of his rights by falsely imprisoning him and by initiating the grand jury proceedings against him. Thus, Plaintiff alleges a conspiracy both as to malicious prosecution and false arrest/false imprisonment. Because Plaintiff's malicious prosecution claim fails either individually against Greggus and Vitale or as a conspiracy involving Greggus, Vitale, and Jones for the reasons stated above (Plaintiff's failure to

must plead facts which indicate "there was an arrest" or seizure of the plaintiff and the arrest or seizure "was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). A § 1983 false imprisonment claim is derivative of a false arrest claim, and will stand where the alleged facts indicate that the allegedly improper arrest resulted in pre-arraignment detention of the plaintiff. *See Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)); *see also Stevens v. Way*, Civ. No. 15-7261, 2016 U.S. Dist. LEXIS 67863, at *9 (D.N.J. 2016).

In order to plead a conspiracy claim under § 1983, however, a plaintiff must make additional factual allegations. The basic element of a § 1983 conspiracy is a "meeting of the minds" of the alleged members of the conspiracy. *Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008) (citation omitted). A plaintiff seeking to raise a claim that the defendants conspired to deprive him of his rights must therefore "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)). Because a plaintiff must plead facts showing his claim to be plausible rather than merely possible, *see Twombly*, 550 U.S. at 555, "the bare allegation of an agreement is insufficient to sustain a conspiracy claim." *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012). Likewise, "[i]t is insufficient to allege that 'the end result of the parties' independent conduct caused plaintiff harm or even that alleged perpetrators of the harm acted in conscious parallelism.'" *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (quoting

---

plead favorable termination), the Court now refers solely to the portion of the alleged conspiracy concerning Plaintiff's false arrest/imprisonment claim.

5

*Novellino v. N.J. Dep't of Corr. Mountanview Youth*, No. 10-4542, 2011 WL 3418201, at *15 (D.N.J. Aug. 3, 2011).

In this matter, Plaintiff merely asserts defendants Greggus and Vitale conspired to falsely arrest or imprison him. He does not plead any facts which, if true, would establish agreement and concerted action, instead providing only conclusory allegations of a conspiracy. Indeed, Plaintiff does not allege any facts which would suggest Greggus or Vitale were involved in his initial arrest and imprisonment by defendant Jones, and instead provides allegations indicative only of their involvement in the grand jury phase of his prosecution.[3] At best, Plaintiff has pled facts showing Greggus and Vitale's actions resulted in his continued imprisonment, which is insufficient to state a claim for conspiracy under § 1983. *Desposito*, 2015 WL 2131073 at *14. Accordingly, Plaintiff has failed to plead a claim for conspiracy, and his false arrest and false imprisonment conspiracy claims against defendants Greggus and Vitale are **DISMISSED WITHOUT PREJUDICE**.

**IT IS THEREFORE** on this 2nd day of October 2017,

**ORDERED** that Plaintiff's malicious prosecution claims are **DISMISSED WITHOUT PREJUDICE** as to all Defendants; and it is further

---

[3] To the extent Plaintiff's asserted conspiracy concerns an alleged agreement by Greggus and Vitale to attempt to indict him and have him detained pre-trial following that proceeding, such claims are malicious prosecution claims, rather than false imprisonment claims. *See, e.g., Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007) (false imprisonment and false arrest claims only cover the period between arrest and the issuance of process or arraignment, claims related to imprisonment following the onset of legal process arise instead as malicious prosecution claims). Thus, to the extent the asserted conspiracy concerns the actions of Greggus and Vitale in preparation for grand jury proceedings or in those proceedings themselves, any such conspiracy claim would fail for the reasons that Plaintiff's direct malicious prosecution claim fails – Plaintiff has not pled that his criminal proceedings have terminated in his favor. *Id.*

**ORDERED** that Plaintiff's claim that defendants Vitale and Greggus conspired with defendant Jones to falsely arrest and imprison him is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's false arrest and false imprisonment claims shall continue to **PROCEED** against defendant Jones only; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail; and it is finally

**ORDERED** that the Clerk of the Court shall send a copy of the Docker Report to Plaintiff by regular U.S. mail.

*/s/ Brian R. Martinotti*_____
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**