**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CALVIN TAYLOR STEVENS, | : |
| Plaintiff, | : Civil Action No. 16-8694 (BRM)(DEA) |
| v. | : **OPINION** |
| ANTHONY JONES, | : |
| Defendant. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are (1) *pro se* Plaintiff Calvin Taylor Stevens' ("Plaintiff") Motion to Reopen the matter (ECF Nos. 41, 51); and (2) Plaintiff's Motion for Temporary Restraining Order ("TRO") against Anthony Jones ("Defendant") and the New Brunswick Police Department ("NBPD") pursuant to Federal Rule of Civil Procedure 65 (ECF No. 43). Defendant opposes the Motion for TRO (ECF No. 44.) Having reviewed the parties' submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Motion to Reopen is **GRANTED**, and Plaintiff's Motion for TRO is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 6, 2018, this Court entered an Order staying and administratively terminating this case. (ECF No. 40.) The Court entered the stay based on Plaintiff's representation that he would be transferred to various jails and/or prisons in the coming weeks and was unsure of where his final destination would be. (*Id.*) He also requested a "hold" on Defendant's pending Motion to

Dismiss. (ECF No. 39.) The Court informed Plaintiff that within thirty (30) days of his arrival at his final prison destination, and receipt of his necessary legal and mailing materials, he must submit a letter to this Court requesting to reopen this matter. (ECF No. 40.)

By letter dated April 14, 2018, Plaintiff informed the Court he was now located at Northern State Prison and requested to reopen this matter. (ECF No. 41.) Plaintiff also filed a Motion for a TRO (ECF No. 43), stating that upon an early release from confinement, a temporary restraining order would be necessary for protection to prevent Defendant from seeking revenge against him and to prevent Defendant's associates at NBPD from harassing him (*id.* at 1). Plaintiff also alleges that Defendant and NBPD have the ability to injure or take his life. (*Id.* at 1-2.) Additionally, Plaintiff requests that the TRO encompass his family. (*Id.* at 2.) In support of his Motion, Plaintiff notes the District Court has heard prior cases pertaining to NBPD planting false evidence on citizens, falsifying documents, and committing felonies that deprive citizens of their constitutional rights. (*Id.*)

Plaintiff's Motion was filed in anticipation of being released from confinement, pending a decision on a Motion for Reconsideration of his sentence in the underlying criminal matter. (ECF No. 44-1.) Plaintiff stated that upon an early release from confinement, a temporary restraining order would be necessary for protection. (ECF No. 43 at 1.) Ultimately, the Honorable Diane Pincus, of the Superior Court of New Jersey, Law Division, Middlesex County, denied Plaintiff's Motion for Reconsideration on April 25, 2018. (ECF 44-1 at 2.)

## II. RELIEF FROM PRIOR ORDER

### A. Legal Standard

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered

evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

### B. Decision

To the extent Plaintiff's Motion to Reopen is filed pursuant to Federal Rule of Civil Procedure 60(b), his Motion is **GRANTED.** Rule 60(b) not only allows for reopening a case in the context of "inadvertence, surprise, or excusable neglect," but it also permits this action for "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). Here, Plaintiff represented that he would be transferred to various jails and/or prisons in the coming weeks and that his final destination was ambiguous at the time. As a result, on April 6, 2018, this Court entered an Order staying and administratively terminating this case. (ECF No. 40.) Accordingly, the Court informed Plaintiff that within thirty (30) days of his arrival at his final prison destination, and receipt of his necessary legal and mailing materials, he must submit a letter to this Court requesting to reopen this matter. (ECF No. 40.) Defendant has stated that he does not object to Plaintiff's Motion. (ECF No. 45.) In addition, Plaintiff's reoccurring transfer to jails and/or prisons, in conjunction with an unknown permanent destination, are sufficient circumstances to fall within the parameters of Rule

60(b). Moreover, this situation effectively limited Plaintiff's ability to participate in this matter, resulting in "excusable neglect." Therefore, in accordance with this Court's previous Order staying and administratively terminating the case with the opportunity for Plaintiff to request to reopen this matter, and upon notice of Plaintiff's relocation to Northern State Prison in his Motion to Reopen (ECF No. 41), therefore, Plaintiff's Motion to Reopen is **GRANTED.**

### III. MOTION FOR TRO

#### A. Legal Standard

A TRO issued with notice and hearing may be treated as a preliminary injunction. *See NutraSweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). Injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). In order to obtain a temporary restraining order or a preliminary injunction, the moving party must show: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos. Pharm., Inc.*, 369 F.3d at 708. The movant bears the burden of showing these four factors weigh in favor of granting the injunction, and a failure to establish any one factor will render a preliminary injunction inappropriate. *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014); *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("[F]ailure to establish any element [of that test] renders a preliminary injunction inappropriate.").

B. Decision

To the extent Plaintiff's Motion for TRO is filed pursuant to Federal Rule of Civil Procedure 65, his Motion is **DENIED**. Plaintiff has not demonstrated a likelihood of success on the merits, or that Plaintiff will suffer irreparable harm if injunctive relief is not granted. *See Kos. Pharm., Inc.*, 369 F.3d at 708.

Plaintiff requests that this court order a TRO against Defendant and Defendant's colleagues at NBPD to prevent them from harassing or injuring Plaintiff and his family. Plaintiff's reasoning as to why a TRO is necessary focuses on the ability of Defendant and other NBPD officers to enact revenge, harass, or plant false evidence on Plaintiff, all of which, Plaintiff claims, could lead to potential injury, loss of life, or a violation of constitutional rights. (*See* ECF No. 43 at 1-2.) In order to prove a "reasonable probability" of success on the merits, the moving party must provide evidence that can sufficiently satisfy the "essential elements" of the cause of action. *Sutton v. Cerullo*, 2014 WL 3900235, at *5 (M.D. Pa. August 8, 2014); *see Punnett v. Carter*, 621 F.2d 578, 582-583 (3d Cir. 1980). Here, the only semblance of evidence provided by Plaintiff is a vague and unsubstantiated reference to past claims of Defendant and NBPD officers committing these acts against other citizens. (*See* ECF No. 43 at 2.) With a mere speculation of past crimes constituting the only evidence provided by Plaintiff, the elements of the underlying cause of action cannot be satisfied, and therefore, a likelihood of success on the merits is not established.

Additionally, Plaintiff is unable to prove he will suffer irreparable harm if the injunction is denied. Plaintiff's claim is speculative and is based on a remote future injury. "[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a 'clear showing of immediate irreparable harm.'" *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992); *see Marchetta v. City of Bayonne, N.J.*, 2014 WL

2435820, at *2 (D.N.J. May 30, 2014); *see also Raitport v. Provident National Bank*, 451 F.Supp. 522, 530 (E.D. Pa. April 12, 1978) (finding that irreparable harm must be actual and imminent, not merely speculative). Moreover, "[i]njunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Holiday Inns of America, Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969).

In *Marchetta v. City of Bayonne, N.J.*, the plaintiff alleged that he was falsely arrested for failure to appear in Municipal Court, due to not being read his Miranda rights, and therefore requested a temporary restraining order and preliminary injunction to enjoin the Bayonne police officers from arresting him in the future. *Marchetta*, 2014 WL 2435820 at *2. In *Marchetta*, the plaintiff's motion for a temporary restraining order and preliminary injunction was denied, in part because of a failure to show irreparable harm. The court found the plaintiff's claim that he might be arrested "at a whim for any fabricated reason" was "highly speculative" and injunctive relief was not warranted. *Id.* at *3. Here, Plaintiff makes similarly speculative claims regarding prospective harms that have yet to occur; for example, Plaintiff states he fears Defendant's "ability to seek revenge" against Plaintiff. (ECF No. 43 at 1.) Additionally, Plaintiff claims that a restraining order is necessary because Defendant "could have his other police associates harass Plaintiff or plant false evidence." *Id.* Because Plaintiff's Motion relies on claims that are both speculative and based on harm in the indefinite future, Plaintiff is unable to meet the burden of demonstrating irreparable harm if the injunction is denied.

Furthermore, Plaintiff's claims rest on the notion that a TRO will be necessary, upon early release from confinement, as a result of the hypothetical granting of his Motion for Reconsideration in the underlying criminal matter. (*See* ECF No. 43 at 1.) However, Plaintiff's

Motion for Reconsideration was denied by the Superior Court of New Jersey, Law Division, Middlesex County on April 25, 2018. (ECF 44-1 at 2.) Therefore, with the denial of the Motion for Reconsideration, Plaintiff's showing of immediate irreparable harm is even further frustrated by the inability to be released from confinement at an earlier date, which was the driving force behind the claim of necessity for a restraining order.

Accordingly, Plaintiff's Motion for TRO is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Reopen (ECF No. 41, 51) is **GRANTED**. Plaintiff's Motion for TRO (ECF No. 43) is **DENIED**. An appropriate order will follow.

Date: November 29, 2018 */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**