# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CALVIN TAYLOR STEVENS, : | |
| : | Case No. 3:16-cv-8694 (BRM) (DEA) |
| Plaintiff, : | |
| v. : | **OPINION** |
| ANTHONY JONES, et al., : | |
| Defendant. : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Officer Anthony Jones's ("Defendant") Motion to Dismiss (ECF No. 31), seeking to dismiss Plaintiff Calvin Taylor Stevens's ("Plaintiff") Complaint filed pursuant to 42 U.S.C. § 1983, with prejudice. Plaintiff opposes the motion. (ECF No. 32.) Having reviewed the submissions filed in connection with the motion and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons sets forth below and for good cause appearing, Defendant's Motion to Dismiss is **GRANTED**.

**I. BACKGROUND**

**A. Factual Background**

This action arises out of Plaintiff's arrest in New Brunswick, New Jersey on August 8, 2016. (Compl. (ECF No. 1), Ex. A at 1.) In his complaint, Plaintiff provides, in relevant part:

> On August 8, 2016 Calvin Stevens 7/6/1983 was falsely accused [sic] of committing a robbery against Jose Gomez, with out [sic] any substantial proof, Officer Anthony Jones approached my residence which is a 35 unit apartment building I am the superintendent of.

He begin to become irrate [sic] in nature and character and his conduct of professionalism is far from being acceptable. His first encounter was with a resident I have helping me do some maintenance on the building Antowin Taylor. I sitting in my apartment watching the two officers disrespect my tenant, I come out the apart [sic] and ask what the situation is.

Without saying his reason for being on my property he demands for me to empty my belongings out of my pocket out of fear and safety for my life, I, under coerison [sic] of this Officer Anthony Jones empty my pockets, A cell phone I located in the hallway earlier that day, was found to be in my possession.

In Spanish he informed Jose Gomez if the phone was his, it indeed was.

The problem with this situation so far, is number 1 Jose Gomez residence is in Domician [sic] Republic and he does not live at the building of 111-113 Bayard Street, New Brunswick, NJ 08901. Number #2) Jose Gomez speaks very little to no english, so when Officer Jones and his partner both Domician [sic] also came to my building to approach a group of black individuals, I sensed a prejudice and bias alterior motive behind their approach.

Once I was taken to the New Brunswick Police Department Located on 25 Kirkpatrick Street. Officer Anthony Jones took it upon his self to type the complaint-warrant up (1214 W 2016 001728) alleging that I entered his dwelling, caused injury to him by punching and kicking him in the course taking his cell phone, cash and keys.

These alledgation [sic] are untrue and have no factual basis at all. Numerous tenants that live in the building have sign affidavits that I did indeed locate the phone in the hallway and after finding the phone I went throughout the apt building in search for the owner door to door.

Jose Gomez holds no residence at the building at all. He broke into apartment #7 and spent a few nights there without me knowing.

Officer Anthony Jones wrote the complaint-warrant for my arrest, with his signature as the judicial officer issuing the arrest warrant.

(ECF No. 1, Ex. A at 1-7.)

**B. Procedural Background**

Plaintiff filed the Complaint on November 22, 2016. (ECF No. 1 at 1.) Plaintiff alleged that Defendant "illegally issue [sic] a complaint-warrant which violates the 4th & 14th amendment, the NJ State Constitution Art. I Par. 7, unlawful arrest, unlawful imprisonment." (*Id.* at 4.) In his prayer for relief, Plaintiff provided –

> I want the defective complaint-warrant gone, to release me from this false imprisonment, I want the court to reprimand this officer [sic] actions by taking his job and paying me for every day I have been illegally confined. I want criminal charges filed against this officer.

(*Id.* at 6-7.)

On June 8, 2017, this Court issued an order and opinion allowing Plaintiff's false arrest and false imprisonment claims to proceed against Officer Jones.[1] Plaintiff's malicious and selective prosecution claims against Defendant were dismissed without prejudice. (ECF Nos. 10, 11.) Plaintiff subsequently filed an amended complaint against Detective Brant Greggus and Assistant Prosecutor Vincent J. Vitale on July 5, 2017. (Am. Compl. (ECF No. 15) at 1.) The Court dismissed Plaintiff's malicious prosecution, false arrest, false imprisonment, and conspiracy claims against Defendants Greggus and Vitale. (Ord. (ECF No. 23) at 1, 6.)

On February 8, 2018, Defendant filed a Motion to Dismiss the Plaintiff's Amended Complaint, with prejudice, for failure to state a claim. Fed. R. Civ. P. 12(b)(6); (ECF No. 31 at 1.) On February 16, 2018, Plaintiff filed a response in opposition (ECF No. 32), Defendant replied (ECF No. 33), and Plaintiff filed a surreply (ECF No. 34). Plaintiff subsequently filed a letter requesting a hold on the Motion to Dismiss. (ECF Nos. 39.) The Court issued a stay on April 5, 2018, and the Plaintiff filed a Motion to Reopen the case on April 27, 2018. (ECF Nos. 40-41.) On

---

[1] Plaintiff's false arrest and false imprisonment claims were permitted to proceed against Defendant Jones "only to the extent Plaintiff seeks relief other than his release or the Court's interference in his underlying state court prosecution." (Op. (ECF No. 10) at 8.)

April 27, 2018, Plaintiff filed a Motion for a Temporary Restraining Order (ECF No. 43), which Defendant opposed (ECF No. 44). On August 20, 2018, Plaintiff filed a second Motion to Reopen the case. (ECF No. 51.)

On November 29, 2018, the Court granted Plaintiff's Motions to Reopen (ECF Nos. 41, 51), and denied the Plaintiff's Motion for a Temporary Restraining Order (ECF No. 43). (Ord. (ECF No. 57) at 1.) The Court also re-instated Defendant's Motion to Dismiss and granted leave to re-file by December 14, 2018. (*Id.* at 1-2.) On December 6, 2018, the Plaintiff filed a Motion for Relief from the Stay. (ECF No. 58.) Defendant Jones filed a Motion to Quash Plaintiff's Request to Serve Subpoenas. (ECF No. 38.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. County of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id. See Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (citing *Twombly*, 560 U.S. at 556.) This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a "probability requirement." *Id.* (quoting *Twombly*, 550 U.S. at 556). The pleading standard does not require "detailed factual allegations," but the standard demands "more than an unadorned, the defendant-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). It must include "further factual enhancement" and not just conclusory statements or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). The pleadings of *pro se* plaintiffs are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . [I]njunctive relief shall not be granted unless declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.A § 1983.

Therefore, to state a claim for relief under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**III. DECISION**

Defendant raises two arguments in support of his motion to dismiss. (*See* ECF No. 31-2 at 10-20.) First, Defendant argues that Plaintiff's claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] (*Id.* at 9-10.) Second, Defendant argues he had probable cause to arrest Plaintiff on the date in question.

**A. Probable Cause**

Defendant Jones advances the argument that Plaintiff's claims must be dismissed because he had probable cause to arrest Plaintiff. This Court agrees.

---

[2] In light of the Court's disposition, it will not reach this argument.

Plaintiff asserts false arrest and false imprisonment claims against Defendant Jones. (ECF No. 1.) A claim under 42 U.S.C. § 1983 for false arrest and false imprisonment is rooted "in the Fourth Amendment's guarantee against unreasonable seizures." *Groman v. Twp. Of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *See Barna v. City of Perth Amboy*, 42 F.3d 809, 820 (3d Cir. 1994); *Guenther v. Holmgreen*, 738 F.2d 879, 833 (7th Cir. 1984). "An arrest by a law enforcement officer without a warrant 'is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed.'" *Wright v. City of Phila.*, 409 F.3d 595, 601 (3d Cir. 2005) (quoting *Davenpeck v. Alford*, 543 U.S. 146 (2004)). Moreover, "[p]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 245 (1983). Subsequent acquittal or failure to convict does not undermine probable cause for the initial arrest. *See Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).

This district has held:

> In determining whether probable cause existed at the time of the arrest, the "arresting officer's state of mind (except for the facts that he knows)" and the charges "actually invoked by the arrest officer" are irrelevant. *Devenpeck*, 543 U.S. at 153, 125 S. Ct. 588; *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006). Courts must instead objectively assess whether at the time of the arrest and based upon the facts known to the officer, probable cause existed "as to any offense that could be charged under the circumstances." *Wright*, 409 F.3d at 602 (quoting *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994)). Courts must determine "whether , at the moment the arrest was made, the officers had probable cause to make it- whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. State of Ohio,* 379 U.S. 89, 91, 85 S. Ct. 223, 12 L.Ed.2d 142 (1964); *accord Devenpeck*. 543 U.S. at 152, 125 S. Ct. 588 ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.").

*Janowski v. City of N. Wildwood*, 259 F. Supp.3d 113, 123 (D.N.J. May 5, 2017).

Defendant provides that Plaintiff's arrest was not without probable cause, as a complaining witness's allegations of a burglary and robbery prompted Defendant to seek out Plaintiff. The Court agrees that the information available to Defendant leading up to the Plaintiff's arrest establish probable cause: Defendant reported to the vicinity of the supposed crime and Plaintiff was located and identified in the vicinity of the apartment building where the alleged robbery had just occurred. (ECF No. 1 at 13.) Notwithstanding, Plaintiff's assertion that he found the cell phone in the hallway, the complaining witness's cell phone, was found in Plaintiff's possession. (*Id.* at 14.) Therefore, Defendant's determination that a crime had been committed in light of the complaining witness's report and Defendant's appearance near the scene of the crime established probable cause.

Additionally, according to Defendant's motion, since the filing of this Court's screening opinion dated June 8, 2017, Plaintiff pled guilty to the robbery charge that stemmed from his arrest by Defendant Jones in August of 2016.[3] (ECF No. 31-2 at 11.) The Court, having reviewed the guilty plea hearing transcript Defendant provides as an exhibit to the instant motion, notes the Plaintiff admits in the factual colloquy that he was not in the complaining witness's apartment in his capacity as a building superintendent. (ECF No. 31-4 at 24.) Therefore, Plaintiff has not stated a claim for false arrest or false imprisonment under § 1983. Because granting Plaintiff leave to

---

[3] Defendant's exhibits include a copy of the Judgment of Conviction and Order of Commitment from the Superior Court of New Jersey, Middlesex County. (ECF No. 31-4 at 32). Additionally, Defendant provides a transcript of Defendant's plea hearing dated July 20, 2017. (*Id.* at 48-61.) *See Pension Ben. Guar. Corp. v. While Consol. Industries, Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) ("Courts have defined a public record, for purposes of what properly may be considered on a motion to dismiss, to include criminal case dispositions such as convictions or mistrials . . . .") (citations omitted.)

amend would be futile, the claims against Defendant are dismissed with prejudice. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

## V. CONCLUSION

Accordingly, Defendant's Motion to Dismiss (ECF No. 31) is **GRANTED with prejudice**.[4] An appropriate order will follow.

Dated: July 31, 2019

>*/s/ Brian R. Martinotti*
>**HON. BRIAN R. MARTINOTTI**
>**UNITED STATES DISTRICT JUDGE**

---

[4] In light of the Court's disposition, Plaintiff's motions pending before Judge Arpert are administratively terminated.