UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CALVIN TAYLOR STEVENS, JR.,** | Civil Action No. 16-8694 (RK) (RLS) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **ANTHONY JONES, et al.,** | |
| **Defendants.** | |

This matter comes before the Court on Plaintiff Calvin Taylor Stevens, Jr.'s ("Plaintiff") motion to reopen, which the Court construes as a motion for relief under Fed. R. Civ. P. 60(b) ("Rule 60(b)). (ECF No. 73.) For the reasons explained below, the motion to reopen is DENIED, and this matter shall be marked as CLOSED.

This matter arises from Plaintiff's arrest in New Brunswick, New Jersey, on August 8, 2016, and he filed his original complaint on or about November 9, 2016. (*See* ECF No. 1 at 5, 8.) The original and amended complaints in this matter asserted claims for relief under 42 U.S.C. § 1983. (*See* ECF Nos. 1, 15.) On June 8, 2017, the Court screened Plaintiff's Complaint and sua sponte dismissed the malicious and selective prosecution claims against Officer Jones but allowed the false arrest and false imprisonment claims to proceed to the extent Plaintiff sought relief other than release from incarceration or dismissal of the charges. (*See* ECF Nos. 10-11.)

Plaintiff filed an Amended Complaint on July 5, 2017, adding parties and causes of action. (ECF No. 15.) On October 3, 2017, the Court dismissed all claims in the Amended Complaint except the false arrest and false imprisonment claims against Defendant Jones. (*See* ECF No. 23.)

On February 8, 2018, Defendant filed a motion to dismiss the remaining claims in Plaintiff's Amended Complaint. (ECF No. 31.) On March 18, 2018, Plaintiff requested that

Defendant's motion to dismiss be placed on hold, in light of his anticipated transfer within county correctional facilities before returning to state prison. (ECF No. 31.) On April 6, 2018, the Court administratively terminated this matter and required Plaintiff to submit a letter to the Court seeking to reopen this matter, within 30 days of his arrival at his final destination. (ECF No. 40.) On April 27, 2018, Plaintiff filed a motion to reopen the case, which Defendant did not oppose. (ECF No. 41.) On August 20, 2018, and July 15, 2019, Plaintiff again filed motions to reopen the case. (ECF Nos. 51, 67.)

On July 31, 2019, the District Court entered an Order granting Defendant Jones' motion to dismiss as to the false arrest and false imprisonment claims, finding that the facts alleged in the Amended Complaint showed that there was probable cause to arrest Plaintiff. After finding that further amendment would be futile, the Court dismissed the matter with prejudice. (*See* ECF Nos. 70-71.)

More than four years later, on January 10, 2024, Plaintiff wrote to the Clerk of the Court seeking a copy of the Opinion and a blank motion form, which the Clerk sent to him. (ECF No. 72.) On April 26, 2024, Plaintiff filed a motion to reopen this matter. (ECF No. 73.) Plaintiff appears to assert that he was unable to litigate this matter due to his status as a pro se prisoner, deficiencies in the law library, poor prison management, and racism. Defendant Jones opposes the motion to reopen. (ECF No. 74.) Plaintiff also filed a reply brief alleging that Defendant Jones is engaged in "ongoing activities" to plant evidence and deprive him of his due process rights. (ECF No. 76 at 2.)

On May 20, 2024, this matter was reassigned to the undersigned. (ECF No. 75.)

The Court construes Plaintiff to seek relief from a final judgment pursuant to Fed. R. Civ. P. 60(b). In relevant part, Rule 60(b) permits courts, on motion, to relieve parties from "a final

judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(2), (b)(3), (b)(6). Rule 60(c)(1) provides that a "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order which the movant seeks to reopen." *Keeling v. Attorney General of Pennsylvania*, 665 F. App'x. 201, 204 (3d Cir. 2016) (cleaned up). A motion under Rule 60(b)(6), which only applies "in cases evidencing extraordinary circumstances," must still be made "within a reasonable time." *Id.* (quoting *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after District Court's judgment was not made within reasonable time).

      The Court assumes that Plaintiff seeks relief under Rule 60(b)(6), as his motion was filed more than a year after the Court's entry of judgment. More than four years have passed between the dismissal of this action and Plaintiff's motion to reopen under Rule 60(b), and Plaintiff appears to attribute the long delay in seeking relief to his incarceration, lack of resources, and racism. The Court finds, however, that the motion does not set forth extraordinary circumstances warranting relief from judgment and was not made within a reasonable period of time. Plaintiff also appears to allege that Defendant has committed new violations of Plaintiff's civil rights. If so, Plaintiff's recourse would be to file a new civil action, which would be subject to the two-year the statute of limitations, along with the filing fee or an application to proceed *in forma pauperis*.

For these reasons, Plaintiff's motion to reopen this matter under Rule 60(b) is DENIED.

This matter shall be marked CLOSED. An appropriate Order follows.

_____
Robert Kirsch
United States District Judge